IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | CASE NO. 6:24-CR-00062-JDK |
| vs. | § § § | |
| SCOTT ERIC FREEMAN (1) | § § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On May 18, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Fifty Grams or More of Actual Methamphetamine, a Class A felony, Defendant Scott Eric Freeman was sentenced on December 11, 2018, by United States District Judge Walter David Counts, Western District of Texas. The offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. The Court sentenced Defendant to imprisonment for a term of 121 months, followed by a 5-year term of supervised release subject to the mandatory and standard conditions of release, plus special conditions to include a search condition. On May 17, 2024, Defendant completed his term of imprisonment and started service of his term of supervised release. Jurisdiction of the case was transferred to this district on June 27, 2024, and

1

the case was assigned to United States District Judge Jeremy D. Kernodle.  Defendant's conditions of supervised release were amended on July 7, 2025 to add substance abuse testing and treatment.

### *Allegations*

In the Amended Petition seeking to revoke Defendant's supervised release, filed on May 1, 2026, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant committed the offense of Possession of a Controlled Substance in Penalty Group 1 or 1-B, in an amount of 1 gram or more but less than 4 grams, a Third-Degree Felony, on or around March 18, 2026, in Kaufman County, Texas.

2. **Allegation 2 (mandatory condition 2): The defendant must not unlawfully possess a controlled substance.**  It is alleged that Defendant possessed a white, powdery substance on or around March 18, 2026, that tested positive for amphetamine/methamphetamine weighing 1.2 grams.

3. **Allegation 3 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that on or around June 17, 2025, August 10, 2025, October 17, 2025, November 13, 2025, November 17, 2025, and December 18, 2025, Defendant admitted to using methamphetamine.  It is also alleged that on February 11, 2026, Defendant submitted a urine specimen that tested positive for methamphetamine and marijuana.  The specimen was confirmed positive for both substances by the lab.

4. **Allegation 4 (standard condition 3): The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.**  It is alleged that on or around March 18, 2026, Defendant left the authorized judicial district without permission from the court or the probation officer, as evidenced by his arrest in Kaufman County, Texas.

5. **Allegation 5 (standard condition 8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If he knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**  It is alleged that on or around August 10, 2025, Defendant admitted to interacting with individuals engaging in criminal activity, namely: being around individuals smoking methamphetamine and smoking methamphetamine with them.

2

6. **Allegation 6 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, he must notify the probation officer, he must notify the probation officer within 72 hours.** It is alleged that on or around March 18, 2026, Defendant was arrested by the Forney Police Department in Kaufman County, Texas, and he failed to notify the officer of his arrest within 72 hours.

7. **Allegation 7 (standard condition 13): The defendant shall follow the instructions of the probation officer related to the conditions of supervision.** It is alleged that Defendant failed to report to the probation officer upon his release from imprisonment as instructed in court on April 16, 2026.

8. **Allegation 8 (special condition): The defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise his participation in the program.** It is alleged that Defendant failed to submit to random drug tests as requested on December 8, 2025, January 23, 2026, February 6, 2026, February 9, 2026, and February 16, 2026. It is also alleged that Defendant failed to report to substance abuse counseling with treatment provider Sherry Young on February 16, 2026 and February 19, 2026.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the

committing the offense of Possession of a Controlled Substance in Penalty Group 1or 1-B, in an amount of 1 gram or more but less than 4 grams, a Third-Degree Felony, or possessing methamphetamine, as alleged in the petition, Defendant is guilty of a Grade B violation.  U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was I.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 4 to 10 months.  If Defendant violated the conditions of his supervised release by admitting to methamphetamine use, submitting urine specimens positive for methamphetamine and marijuana, interacting with individuals engaging in criminal activity, failing to submit to random drug tests, failing to report to substance abuse counseling, leaving the authorized judicial district without permission, failing to notify the probation officer of his arrest, or failing to report to the probation officer as instructed, as alleged in the petition, Defendant is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of I, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 3 to 9 months.

### *Hearing*

On May 18, 2026, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition, and to jointly request a sentence of imprisonment for a term of 10 months with no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana and placement in a drug treatment program.

---

Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true.  Defendant is guilty of a Grade B supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months with no further term of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### <u>RECOMMENDATION</u>

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the Petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 10 months with no further term of supervised release.  Through an individualized assessment, I determined that no new term of supervised release is warranted.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Texarkana and place him in a drug treatment program.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months with no further term of supervised release.

So ORDERED and SIGNED this 18th day of May, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE